UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL BELMONTE,

Plaintiff,

v.

WINKFIELD, et al.,

Defendants.

No. 2:19-cv-1189 AC P

ORDER

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted. Plaintiff will also be given the opportunity to amend the complaint.

I. IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF Nos. 2, 5. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

1

accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

////

2

most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. PLEADING STANDARD

    A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

    B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

## IV. PLAINTIFF'S COMPLAINT

Plaintiff names Mule Creek State Prison ("MCSP") guards Winkfield, Decker, Pendleton, Hang and Lee[1] in this action. See ECF No. 1 at 1-3. The complaint makes two claims.

First, plaintiff alleges that on September 28, 2018, he witnessed defendants Decker and Winkfield hold down and punch another inmate after the inmate argued with defendant Decker about not being able to go to work. See ECF No. 1 at 5. Defendants Pendleton and Lee watched the beating but did nothing. See ECF No. 1 at 5. Ultimately, the injured inmate was taken away in a wheelchair, and he has never returned to the yard. See ECF No. 1 at 5. Plaintiff claims that the inmate "suffered head injury, cuts to the front of his face . . . also bruising." See ECF No. 1 at 5.

Next, plaintiff states that on July 27, 2018, he saw defendants Winkfield, Decker and Hang watch two mental health inmates fight. See ECF No. 1 at 7. He alleges that the defendants "provoke[d] and incite[d] the inmates to violence." Plaintiff states this incident was also referred to internal affairs. See ECF No. 1 at 7. He claims that he has been personally affected by the incident because he had to raise it on behalf of a stranger, and because as a result, prison officials have made numerous comments to him. See ECF No. 1 at 7.

The remedy plaintiff seeks is injunctive in part. See ECF No. 1 at 4. Specifically, he requests that cameras be installed throughout the prison in order to protect the safety and mental

---

[1] The court notes that although defendant Lee is named as a defendant (see ECF No. 1 at 3), his name does not appear as a defendant on the court's docket. Therefore, the Clerk of Court will be directed to add defendant Lee to the list of defendants in this matter.

4

health of his fellow inmates.  See id. at 4.  Plaintiff also requests that the victims be compensated for their pain and suffering and that defendants be prosecuted and suspended without pay pending the outcome of an investigation currently being conducted by the Office of Internal Affairs.  See ECF No. 1 at 4.  General, compensatory and punitive damages are also requested.  See ECF No. 1 at 8-9.

V. DISCUSSION

    A. Plaintiff May Not Pursue Claims Based on Violation of Other Inmates' Rights

These claims are not cognizable as currently presented.  Plaintiff may not bring claims based on harms to other inmates, for three separate reasons.

First, the statute under which plaintiff brings suit supports relief for violations of an individual's own constitutional rights by someone who was acting under color of state law.  See 42 U.S.C. § 1983 (establishing liability "to the party injured").  Plaintiff cannot state a claim for relief under § 1983 without alleging a violation of his own rights.  See West, 487 U.S. at 48.  Here, plaintiff's allegations that he observed other inmates being harmed (see ECF No. 1 at 5-7) do not establish any violation of plaintiff's rights.  Accordingly, plaintiff has not stated a claim for relief under § 1983.[2]

Second, and even more fundamentally, plaintiff lacks standing to bring suit of any kind on the basis of harms done to others.  The "case or controversy" requirement of Article III of the U.S. Constitution limits the federal courts' jurisdiction by requiring that plaintiffs have "standing" to bring the lawsuit.  Allen v. Wright, 468 U.S. 737, 750 (1984).  In order to have standing, a party "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."  Warth v. Seldin, 422 U.S. 490, 499 (1975).  "[A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is

---

[2] Moreover, distress that plaintiff may have experienced from witnessing the harms done to others is not compensable, because the Prison Litigation Reform Act precludes damages for emotional injury alone.  42 U.S.C. § 1997e(e); Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002).

5

likely to be redressed by a favorable decision." <u>Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.</u>, 454 U.S. 464, 472 (1982) (citations and internal quotation marks omitted).

Third, a pro se plaintiff may not pursue claims on behalf of other individuals. <u>See</u> <u>Simon v. Hartford Life, Inc.</u>, 546 F.3d 661, 665 (9th Cir. 2008); <u>see also</u> <u>McShane v. United States</u>, 366 F.2d 286, 288 (9th Cir. 1966) (citation omitted) (stating right to appear in propria persona is personal to individual).

For all these reasons, plaintiff may not base claims for relief on the assault of another inmate, the wrongful incitement of violence among other inmates, or the failure to protect other inmates. Such putative claims must be dismissed. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii).

B. <u>Potential Claim Based on Violation of Plaintiff's Rights</u>

Plaintiff alleges that he was personally affected by the incidents he describes because after he "exercised the liberty to raise these issues," he was subjected to "numerous comments and remarks" by "the officials." ECF No. 1 at 7. Plaintiff may mean to indicate that he was retaliated against for speaking up on behalf of abused inmates and/or making witness statements against correctional officers. If that is the case, plaintiff might be able to state a claim for retaliation.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 531-32 (9th Cir. 1985).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

<u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

The alleged adverse action need not itself be an independent constitutional violation. <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (1995) (to prevail on a retaliation claim, plaintiff need not "establish an independent constitutional interest" was violated); <u>see also</u> <u>Hines v. Gomez</u>, 108 F.3d 265, 268 (9th Cir. 1997) (upholding jury determination of retaliation based on filing of a

false rules violation report); Rizzo, 778 F.2d at 531 (transfer of prisoner to a different prison constituted adverse action for purposes of retaliation claim). "[T]he mere threat of harm can be an adverse action." Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009) (emphasis in original); Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

Because plaintiff does not specify what comments and remarks were made to him, the court cannot determine whether he experienced an "adverse action" that would support a cognizable claim for retaliation. Accordingly, plaintiff will be granted leave to amend his complaint.

Plaintiff is cautioned that he will be permitted to proceed only if an amended complaint states a viable claim based on an alleged violation of plaintiff's own rights. Should plaintiff reassert claims based on wrongs done to others, the undersigned will recommend dismissal of such claims without further leave to amend.

## VI. OPTIONAL LEAVE TO AMEND

Plaintiff is being given the opportunity to amend the complaint. If plaintiff chooses to file an amended complaint, it will take the place of the original complaint. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original). Any amended complaint should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

VII. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

You have made the appropriate financial showing, and your application to proceed in forma pauperis will be granted.

However, the claims in your complaint may not go forward. You may not bring a lawsuit based on violation of other people's rights; you may only bring a lawsuit about violation of your rights. If you believe that your own rights have been violated – for example, if you are trying to say that you have been punished for speaking up on behalf of other inmates or complaining about abuse by guards – then you may file an amended complaint that explains how your own rights were violated. The court will then screen the amended complaint to see if it states a legally sufficient claim for relief and is suitable to be served. If you do not file an amended complaint, or if your amended complaint is about wrongs done to other inmates, the magistrate judge will recommend that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to add defendant Lee to the docket of this action;

2. Plaintiff's motion to proceed in forma pauperis, filed June 27, 2019 (ECF No. 2), is GRANTED;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

4. Plaintiff's complaint, filed June 27, 2019 (ECF No. 1), is DISMISSED with leave to amend, and

////

5. Within thirty days of the date of this order, plaintiff shall file an amended complaint. Plaintiff is warned that failure to file an amended complaint within the time period granted will result in a recommendation that this action be dismissed.

DATED: July 29, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE