UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL BELMONTE, | No. 2:19-cv-1189 AC P |
| Plaintiff, | |
| v. | ORDER |
| WINKFIELD, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court for review are plaintiff's first amended complaint ("FAC") and four supplements. See ECF Nos. 11-15. For the reasons stated below, the court will provide plaintiff with a second opportunity to amend his complaint. Plaintiff will be directed to incorporate the relevant information in the supplements into his second amended complaint ("SAC") so that all allegations are contained in a single document.

I. RELEVANT PROCEDURAL HISTORY

Plaintiff's original complaint was filed on June 27, 2019. ECF No. 1. On July 31, 2019, the court screened the pleading and granted plaintiff leave to amend. See generally ECF No. 8.

On August 16, 2019, plaintiff filed the instant FAC. ECF No. 11. Thereafter, on

November 4, 2019, plaintiff filed three separate and unsolicited "supplements" to the FAC. See ECF Nos. 12, 13, 14. Plaintiff filed a fourth unsolicited supplement on November 14, 2019. ECF No. 15.

Given the disjointed nature of the FAC, the collective length of plaintiff's supplements, and plaintiff's obvious desire that the content of the supplements be considered, the court will not screen the FAC at this time. Instead, plaintiff will be given the opportunity to file a single document that contains all pertinent information. To assist plaintiff in preparing a Second Amended Complaint, the court provides the following information.

II.     PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff's FAC is rambling and unfocused. The claims asserted are similar to those in the original June 2019 complaint, and plaintiff also identifies incidents that have occurred since he filed the original complaint. Compare ECF No. 1, with ECF No. 11. The FAC also names some new defendants and does not include others mentioned in the original complaint.[1] Compare ECF No. 1 at 1-3, with ECF No. 11 at 1-2.

At the core of the FAC is the assertion that: (1) defendants violated plaintiff's rights under the First Amendment when they retaliated against him for providing testimony to the Office of the Inspector General in a case of another inmate, and/or (2) that defendants violated plaintiff's First Amendment rights when they retaliated against him for filing grievances against them, or, as plaintiff states it, "writing them up." See generally ECF No. 11 at 3. Whether plaintiff is attempting to raise the former claim, the latter, or both is unclear.

Plaintiff alleges that defendants' collective "efforts are conspiritory [sic] and offend the constitution by threatening to inhibit the excercise [sic] of [plaintiff's] protected right." Id. at 6 (brackets added). He asks for $25,000.00 in compensatory damages and $7,500.00 in punitive damages. Id. at 7-8.

---

[1] In plaintiff's original complaint, he names prison guards Winkfield, Decker, Pendleton, Hang and Lee as defendants. See ECF No. 1 at 1-3. In the FAC, plaintiff names prison guards Winkfield, Decker, and K. Nichols as defendants as well as sergeant Reynoso and appeals coordinator C. White. See ECF No. 11 at 1-2. The court will direct the Clerk of Court to add the new defendants to the docket.

III.     PLAINTIFF'S SUPPLEMENTS

In the four supplements plaintiff has filed since he filed his FAC, he raises additional assertions of ethical deficiency, prejudice, and misconduct on the part of prison officials. See generally ECF Nos. 12-14. He also provides additional facts related to his claim against defendant Nichols. See ECF No. 15. Collectively, the four filings with attachments total an additional seventy-seven pages of documents. See generally ECF Nos. 12-15.

IV.     DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "true substance, if any, is well disguised" may be dismissed for failure to satisfy Rule 8. Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming a dismissal with prejudice for failure to comply with Rules 8(a) and 8(e), finding that both the original complaint and an amended complaint were "verbose, confusing and conclusory").

Plaintiff's thirty-five-page FAC and seventy-seven pages of unsolicited supplements hardly constitute the short, plain statement that the Rules require. See Fed. R. Civ. P. 8(a). Pro se litigants are not exempt from following court rules. See generally Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997); see, e.g., Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986) (denying pro se litigant's motion to compel discovery due to untimely filed, improperly formatted interrogatories).

Plaintiff's failure to comply with the short and plain statement requirements of Federal Rules of Civil Procedure 8(a)(2) and (d)(1), prevents the court from conducting the substantive screening that 28 U.S.C. § 1915A requires. For this reason, the FAC will be dismissed with leave

to amend, and the substantive arguments in the supplements will not be considered. Instead, plaintiff should add any intended additional claims or supplemental allegations from his supplements to his amended complaint. Facts should be organized under the heading of the claim hey are intended to support.

Plaintiff is warned that when amending the complaint, he must make certain it complies with Rules 8(a)(2) and (d)(1). To assist plaintiff in this regard, the Clerk of Court will be directed to send plaintiff a copy of the court's civil rights form. It is suggested that plaintiff only use the space provided on the form to state his substantive claims. Plaintiff is free, however, to provide a reasonable number of exhibits to support those claims.

It should be noted that the court is not required to review exhibits attached to the amended complaint when determining what plaintiff's claims are with respect to each defendant. Indeed, plaintiff's claims should be clearly stated on the form itself. The court will not review any of plaintiff's past supplements or pleadings in order to determine the substance of plaintiff's claims. In sum, when plaintiff files his SAC, it should be a complete pleading in and unto itself. See L.R. 220 (E.D. Cal. 2009).

## V. LEAVE TO AMEND

Plaintiff is being given the opportunity to amend the complaint. If plaintiff chooses to file an amended complaint, it will take the place of the original complaint. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original). Any amended complaint should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall:

   a. Add defendants K. Nichols, Reynoso, and C. White to the docket as defendants in this action (see ECF No. 11 at 1-2), and

   b. Send plaintiff a copy of the court's Civil Rights Complaint By A Prisoner form;

2. Plaintiff's first amended complaint, filed August 16, 2019 (ECF No. 11), is DISMISSED with leave to amend, and

3. Within thirty days of the service date of this order, plaintiff shall file a second amended complaint on the form provided to him by the court.

Plaintiff is warned that his failure to comply with Rule 8(a)(2) and (d)(1) when filing the second amended complaint may result in a recommendation that this action be dismissed.

DATED: November 18, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE