UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL BELMONTE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WINKFIELD, et al.,<br><br>　　　　　Defendants. | No.  2:19-cv-1189 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a state prisoner[1] proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Plaintiff has filed what the court construes as a motion for preliminary injunction.  See ECF No. 18 at 4.  For the reasons stated below, the undersigned recommends that the motion be denied.

I.　　MOTION FOR PRELIMINARY INJUNCTION

　　　　On January 15, 2020, plaintiff filed a supplement to his second amended complaint with the court.  ECF No. 18.  In the supplement, he attaches a document labeled "Order to Show Cause for a Preliminary Injunction."  See ECF No. 18 at 4.  It effectively requests that unspecified

---

[1] The court is currently waiting for a formal update from plaintiff regarding his incarceration status.

1

defendants be ordered to show cause why the court should not issue a preliminary injunction that would enjoin them and others from "maintaining any possession of any and all 'civil' legal documents pertaining to this suit." See ECF No. 18 at 4.  The document also asks that one C.O. Pierce be ordered to "relinquish . . . custody of . . . civil complaints." See ECF No. 18 at 4.  Finally, plaintiff requests that close-circuit video be installed throughout the prison. See id. at 4.

II.     DISCUSSION

A district court may not issue preliminary injunctive relief without primary jurisdiction over the underlying cause of action. Sires v. State of Washington, 314 F.2d 883, 884 (9th Cir. 1963).  Additionally, an injunction against individuals who are not parties to the action is strongly disfavored. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

In this motion, plaintiff asks for injunctive relief against unspecified defendants and one "C.O. Pierce." See ECF No. 18 at 4.  Pierce is not a named defendant in this action, and no claims have been asserted against him in the second amended complaint. See generally ECF No. 17.  In addition, plaintiff's reference to a general group of "defendants" is unacceptably vague for purposes of determining jurisdictional authority of the court.  Moreover, in this case, it appears that plaintiff may no longer be incarcerated.[2] See generally ECF Nos. 21, 22.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a District Court Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a preliminary injunction (see ECF No. 18 at 4) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections

---

[2] "Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim." Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015) (citing Alvarez, 667 F.3d at 1064 (quotation source omitted)).  Federal courts lack jurisdiction over claims that have been rendered moot because "the issues are no longer live" or because the parties no longer possess "a legally cognizable interest in the outcome." Jones, 791 F.3d at 1031 (quoting Alvarez, 667 F.3d at 1064 (quotation source omitted)).

with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 25, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3