UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL BELMONTE, | No. 2:19-cv-1189 KJM AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WINKFIELD, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff has filed a Second Amended Complaint ("SAC") as well as two subsequently filed, unauthorized "supplements."[1]  See ECF Nos. 17, 18, 20. For the reasons stated below, the undersigned recommends that this action be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

////

////

---

[1] The first supplement includes a motion for a preliminary injunction. See ECF No. 18 at 4. On August 25, 2020, the undersigned issued findings and recommendations addressing that motion. See ECF No. 24.

I. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II. RELEVANT PROCEDURAL HISTORY

The initial complaint in this case was filed on June 27, 2019. ECF No. 1. It named five defendants including Winkfield and Decker, and identified putative claims for "cruel and unusual punishment" in the form of a staff assault on an inmate other than plaintiff, and "inciting violence." Id. The complaint was screened out because its factual allegations did not state a claim for relief; plaintiff was granted leave to amend. ECF No. 8. The screening order

1  recognized that some of plaintiff's allegations suggested a First Amendment retaliation claim (or
2  claims), and plaintiff was provided information about the legal standards governing such claims
3  as well as information regarding pleading standards generally.  Id.
4         On November 19, 2019, the court reviewed plaintiff's first amended complaint ("FAC").
5  See ECF No. 16.  It named defendants including Winkfield, Decker, and numerous individuals
6  not named in the original complaint.  The undersigned identified two broad, putative First
7  Amendment retaliation claims at the core of the FAC.  See id. at 2.  Plaintiff had also filed
8  numerous "supplements" to the FAC, which included additional allegations against additional
9  individuals and involving subsequent events.  ECF Nos. 12-15.  It was unclear how these
10  allegations related to the claims of the FAC, and whether they were intended as proposed
11  amendments or merely as updates to the court.  Because the precise nature of plaintiff's claims
12  and their factual bases remained unclear, and the FAC itself did not contain a short and plain
13  statement as the federal rules require, plaintiff was given the opportunity to file a second amended
14  complaint ("SAC").  ECF No. 16.  Plaintiff was instructed to include all factual allegations
15  intended to support his claims for relief in a Second Amended Complaint, was advised of the
16  requirement that all claims be contained in a single pleading, and was informed that he may not
17  change the nature of his suit by alleging new, unrelated claims.  Id.
18     III.    SCREENING OF THE SECOND AMENDED COMPLAINT
19         The SAC identifies numerous correctional officers as defendants,[2] and expressly sets forth
20  a single claim of retaliation.  ECF No. 17 at 4.  However, the factual statement in support of the
21  claim—like the allegations of the two prior complaints—consists of a convoluted narrative about
22  plaintiff's history of negative interactions with numerous prison staff since plaintiff filed a staff
23  complaint on behalf of another inmate in September 2018.  Id. at 4-5.  Plaintiff has also filed two
24  unsolicited "supplements" to the SAC, which contain additional factual allegations about
25  subsequent wrongs done to him by the defendants and still other correctional staff.  ECF Nos. 18,

---

[2] The named defendants are Winkfield, Decker, Nichols, Hernandez, White, Green, Lathrop and Reynoso. ECF No. 17 at 1-3.

20.[3] Plaintiff apparently believes that all the incidents referenced in the SAC and supplements are related, and constitute a pattern of retaliation. See ECF No. 17 at 5 ("All matters here derive from a single event:  When I exercised the liberty of addressing misconduct on behalf of another prisoner in mental health.")

The SAC alleges that on September 28, 2018, at Mule Creek State Prison, plaintiff filed a staff complaint claiming that excessive force had been used against another inmate. The complaint resulted in an investigation. In the months that followed, Officer Winkfield and other guards harassed, mocked, and insulted plaintiff. On July 1, 2019, Officer Nichols searched another inmate's cell and confiscated a witness statement belonging to plaintiff, which implicated Officer Decker; Nichols gave the statement to Decker. Plaintiff appealed this misconduct, and the ensuing appeals process was unfair in numerous ways. White was the Appeals Coordinator responsible. Nichols lied about what had happened and behaved in a threatening manner, scaring plaintiff by slamming a door and calling him offensive names. ECF No. 17 at 4-5.

On August 26, 2019, plaintiff was assaulted by his cellmate and Officers Nichols and Green failed to respond or to obtain prompt medical care for plaintiff. In November 2019 plaintiff was assaulted by Officer Hernandez and was issued a false rules violation report. In what may have been a separate incident (the allegations are unclear), Officer Lathrop threatened to write plaintiff up. Plaintiff alleges generally that the mistreatment he has experienced is all harassment in retaliation for multiple inmate grievances that he has filed, especially the 2018 staff complaint. ECF No. 17 at 5.

////

---

[3] The supplement filed on January 15, 2020 includes allegations against non-parties Lieutenant D. Pasioles, M. Delgadillo, and Pierce. ECF No. 18. Plaintiff alleges that he has been assaulted by staff, falsely accused of falsifying documents, and has had multiple false rules violation reports filed against him. Id. The supplement filed on June 26, 2020 makes allegations against non-party J. Cantu, involving due process violations at a disciplinary hearing. ECF No. 20. None of these matters appear to arise from the same transactions or occurrences addressed by the SAC, and therefore could not be joined in this action were it to proceed. See Fed. R. Civ. P. 20(a)(2). In any event, plaintiff has previously been informed that all allegations in support of relief must be contained in a single pleading. The allegations of the unauthorized "supplements" to the SAC are without effect and need not be screened.

Within the prison context, a claim of First Amendment retaliation requires factual allegations to support five basic elements: (1) that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Here, assuming that plaintiff had a First Amendment right to file a staff complaint regarding treatment of another inmate, and assuming further that some of his subsequent negative encounters with defendants could constitute adverse actions,[4] he fails to state a claim because there are no factual allegations that support a reasonable inference that any of the negative encounters were motivated by a defendant's intent to retaliate for the 2018 staff complaint. Moreover, there are no facts alleged that would support a reasonable inference that plaintiff's exercise of his First Amendment rights was chilled. Plaintiff's conclusory allegations of retaliatory motivation and chilling are insufficient to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (conclusory statements are not sufficient). Accordingly, plaintiff has failed to set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id.

IV.   FUTILITY OF FURTHER AMENDMENT

Plaintiff has been provided two prior opportunities to amend his complaint, and advised regarding the elements of a First Amendment retaliation claim as well as the pleading standards applicable under the Federal Rules of Civil Procedure and 42 U.S.C. § 1983. He has failed to heed the court's instructions. The SAC is no closer than plaintiff's previous pleadings to complying with Rule 8, Fed. R. Civ. P., or providing a comprehensible factual basis for a First Amendment retaliation claim. Accordingly, the undersigned concludes that further leave to amend would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012).

---

[4] Plaintiff's primary concern seems to be the seizure of the witness statement from another inmate's cell. Although the SAC refers at one point to the statement as "belonging to" plaintiff, the court infers from the allegations as a whole that plaintiff was its author. In any event, the wrongful search of another inmate's cell, and seizure of property in the possession of another inmate, cannot reasonably be construed as retaliation against plaintiff.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 16, 2020

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE